IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DONALD KEITH UNDERWOOD                                         PETITIONER

v.                              5:06CV00112 WRW-JFF

LARRY NORRIS, Director,
Arkansas Department of
Correction                                                     RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new,

different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## **DISPOSITION**

Before the Court is the Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  For the reasons that follow, the Magistrate Judge undersigned recommends that the petition be dismissed with prejudice.

On October 31, 2002, Petitioner entered negotiated pleas of guilty in Benton County Circuit Court to manufacturing methamphetamine and conspiracy to manufacture methamphetamine. He was sentenced to 120 months' imprisonment in the Arkansas Department of Correction on each conviction, the sentences to be served

concurrently. The judgment and commitment order was filed on December 17, 2002. Because Petitioner plead guilty, he could not file a direct appeal from his conviction or sentence. Ark. R. App. P.--Crim 1(a). Petitioner did not pursue post-conviction relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure.

On July 26, 2004, Petitioner filed a habeas corpus petition in this Court raising the following ground for relief:

> Petitioner's ten year sentence for manufacturing methamphetamine is an illegal sentence because he is being unlawfully required to serve 70% of the sentence prior to becoming eligible for parole pursuant to Ark. Code Ann. [§] 16-93-611, which did not include the offense of manufacturing methamphetamine at the time [the offense] was committed in violation of his rights to due process and equal protection under the Fifth and Fourteenth Amendments to the Constitution of the United States.

By an order and judgment entered on April 28, 2005, this Court dismissed Petitioner's habeas corpus petition without prejudice for failure to exhaust his state remedies. Underwood v. Norris, No. 5:04CV00277 WRW-JFF (E.D. Ark.). Petitioner alleges that on October 12, 2005, he tendered a state habeas corpus petition to the Clerk of the Pulaski County Circuit Court for filing. Petitioner alleges that he raised the same ground for relief in the state habeas corpus petition that he raised in his federal habeas corpus petition. With his state habeas corpus petition, Petitioner submitted a motion for leave to proceed *in forma pauperis* and an affidavit in support of his motion demonstrating that the balance in his inmate account was $0.00 and that he had not received any money within the past twelve months. Petitioner alleges that the Clerk has refused to file his state habeas corpus petition without the $140.00 filing fee or grant him leave to proceed *in forma pauperis*.

On or about April 24, 2006, Petitioner filed the pending habeas corpus petition

in this Court raising the same claim for relief that he asserted in his prior federal habeas corpus petition.[1] In his response to Petitioner's habeas corpus petition, the Respondent asserts that the petition should be dismissed because it is barred by the one-year statute of limitations provided in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244(d)(1). In the interest of judicial economy, the Magistrate Judge declines to address the Respondent's statute of limitations argument, a complicated issue, as Petitioner's claim can be easily resolved against him on the merits. See Trussell v. Bowersox, 447 F.3d 588, 590 (8th Cir. 2006) ("because neither the statute of limitations nor procedural default constitutes a jurisdictional bar to our review (citation omitted), we shall, in the interest of judicial economy, proceed to the merits of Trussell's petition"). Cf. Barrett v. Acevedo, 169 F.3d 1155, 1162 (8th Cir.) ("judicial economy sometimes dictates reaching the merits if the merits are easily resolvable against a petitioner while the procedural bar issues are complicated"), cert. denied, 528 U.S. 846 (1999).

To address the merits of Petitioner's claim, it is necessary to review the history of the Arkansas acts and code provisions requiring persons convicted of manufacturing methamphetamine to serve seventy percent (70%) of their sentence before being eligible for release on parole. In 1995, the Arkansas General Assembly enacted Act 1326. The act, which was codified in Ark. Code Ann. § 16-93-611 (Supp. 1995), provided in pertinent part as follows:

---

[1] A *pro se* prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court. Nichols v. Bowersox, 172 F.3d 1068, 1077 (8th Cir. 1999). Petitioner signed his habeas petition on April 24, 2006. Although it is unclear when he tendered his petition to prison officials for mailing, the Magistrate Judge will assume that the date was April 24, 2006.

> Notwithstanding any law allowing the award of meritorious good time or any other law to the contrary, any person who is found guilty or pleads guilty or nolo contendere of murder in the first degree, kidnapping, aggravated robbery, rape, and causing a catastrophe shall not be eligible for parole until the person serves seventy percent (70%) of the term of imprisonment to which the person is sentenced.

In 1997, the Arkansas General Assembly passed Act 945, Act 1135, and Act 1197, all three of which became effective on August 1, 1997. Act 945, "an act to amend Arkansas Code Annotated § 16-93-611 . . . to assure that only offenders convicted of target offenses are eligible for transfer to a community punishment facility . . .," provided in pertinent part:

> SECTION 1. Arkansas Code § 16-93-611 is amended to read as follows:
>
> "16-93-611. Class Y felonies.
>
> Notwithstanding any law allowing the award of meritorious good time or any other law to the contrary, any person who is found guilty of or who pleads guilty or nolo contendere to murder in the first degree, § 5-10-102, kidnapping, § 5-11-102, aggravated robbery, § 5-12-103, rape, § 5-14-103, and causing a catastrophe, § 5-38-202(a), shall not be eligible for parole <u>or transfer</u>[2] until the person serves seventy percent (70%) of the term of imprisonment to which the person is sentenced."
>
> . . .
>
> SECTION 6. All laws and parts of law in conflict with this act are hereby repealed.

Act 1135, "an act to require persons convicted of manufacturing methamphetamine to serve seventy percent of their sentence [before becoming eligible for release on parole] . . .," provided in pertinent part as follows:

---

[2] Underlining in an Arkansas act signifies that the language underlined is an addition to the previous version of a code provision or act.

> SECTION 2. (a)  Any person who is found guilty, pleads guilty, or pleads nolo contendere to manufacturing methamphetamine in violation of § 5-64-401 and is committed to the Department of Correction for a term of years, shall not be eligible for release on parole until a minimum of seventy percent (70%) of the sentence shall have been served, not counting good-time allowances, unless pardoned or the sentence is commuted to a shorter term of years by the Governor, as provided by law.
>
> (b) The provisions of this section shall expire on December 21, 2001.
>
> . . .
>
> SECTION 5.  All laws and parts of law in conflict with this act are hereby repealed.

Section 2 of Act 1135 was not codified by the Arkansas Code Revision Commission,[3] apparently because it contained a sunset provision.[4] Under current

---

[3] The Arkansas Code Revision Commission, which is within the legislative branch of government, is responsible for codifying acts enacted by the Arkansas General Assembly, revising codifications, and publishing supplements to the Arkansas Code and replacements volumes for the Code. Ark. Code Ann. § 1-2-303(a) & (e) (Supp. 2005). The Commission has seven voting members.  Ark. Code Ann. § 1-2-301(a)(2) (Supp. 2005). Three of the voting members are members of the Bar of Arkansas, appointed by the Supreme Court of Arkansas. Ark. Code Ann. § 1-2-301(b)(1)(C) (Supp. 2005)

[4] The Code Revision Commission did set forth § 2 of Act 1135 in the notes to Chapter 91, Subchapter 1 - - Appeal, Volume 16, Title 16 that appeared in 1997 Supplement to the Arkansas Code and in the notes to § 5-64-401 that appeared the 1997 Replacement Volume for the Code.  Act 1135 also was included in a paperback volume titled "1997 Special Volume of Uncodified Acts" at pages 1028 and 1029. The lack of codification of § 2 of Act 1135, not surprisingly, made it difficult to accurately determine whether the 70% rule applied to persons convicted of manufacturing methamphetamine where the offense occurred after the effective date of Act 1135 - - August 1, 1997. In a 2003 decision, the Arkansas Court of Appeals, without noting the existence of Act 1135, found that in May of 1998, when the defendant committed the offense of manufacture of methamphetamine, § 16-93-611 did not include that offense, and that the defendant "correctly asserts that the application of the seventy-percent parole-eligibility rule to his sentence . . . would be an *ex post facto* law in violation of the federal and state constitutions." McGhee v. State, 82 Ark. App. 105, 109, 112 S.W.3d

Arkansas law, which was in effect at the time Act 1135 was enacted, "[n]o . . . temporary acts or provisions . . . shall be enacted as amendments to [the Arkansas Code]." Ark. Code Ann. § 1-2-116(a) (Repl. 1996). Current law, which became effective in 2001, also provides that the Code Revision Commission "shall not be required to codify the following language or sections found in initiated measures or acts of the General Assembly: . . . (L) Local, special, or temporary language. . . ." 2001 Ark. Acts 327, § 2; Ark. Code Ann. § 1-2-303(e)(2)(L) (Supp. 2005). Even though a Act is not codified, it is still valid. Hinchey v. Thomasson, 292 Ark. 1, 8, 727 S.W.2d 836, 838 (1987).

The third act passed during the 1997 legislative session, Act 1197, was enacted "to amend Ark. Code Ann. [§] 5-4-501 to make it clear that the sentences of defendants convicted of . . . " certain serious violent felonies may be enhanced with certain prior felonies. Act 1197 also amended Ark. Code Ann. § 16-93-611:

> SECTION 2.  Arkansas Code [§] 16-93-611 is amended to read as follows:
>
> "16-93-611.  Class Y felonies.
>
> Notwithstanding any law allowing the award of meritorious good time or any other law to the contrary, any person who is found guilty of or who pleads guilty or nolo contendere to murder in the first degree, § 5-10-102, kidnapping, Class Y felonies, § 5-11-102, aggravated robbery, § 5-12-103, rape, § 5-14-103, and causing a catastrophe, § 5-38-202(a), shall not be eligible for parole or community punishment transfer until the person serves seventy percent (70%) of the term of imprisonment, including a sentence prescribed under Arkansas Code § 5-4-501, to which the person is sentenced."

---

367, 369 (2003).

. . .

SECTION 5. All laws and parts of law in conflict with this act are hereby repealed.

The language of § 2 of Act 1197 appeared verbatim in the codification of § 16-93-611 contained in the 1997 Supplement to the Arkansas Code.

During the 1999 legislative session, the Arkansas General Assembly passed Act 1268 and Act 1337. Act 1268, which was known as the "Arkansas Methamphetamine Lab Act of 1999," became effective on April 9, 1999. It amended § 16-93-611 and subsection (b) of § 2 of Act 1135 of 1997, as well as other Arkansas code provisions. Act 1268 provided in pertinent part as follows:

> SECTION 4. Arkansas Code [§] 16-93-611 is amended to read as follows:
>
> "16-93-611. Class Y felonies.
>
> Notwithstanding any law allowing the award of meritorious good time or any other law to the contrary, any person who is found guilty of or who pleads guilty or nolo contendere to murder in the first degree, § 5-10-102, kidnapping, Class Y felonies, § 5-11-102, aggravated robbery, § 5-12-103, rape, § 5-14-103, and causing a catastrophe, § 5-38-202(a), <u>manufacture of methamphetamine, or possession of drug paraphernalia with the intent to manufacture methamphetamine, § 5-64-403(c)(5),</u> shall not be eligible for parole or community punishment transfer until the person serves seventy percent (70%) of the term of imprisonment, including a sentence prescribed under § 5-4-501, to which the person is sentenced."
>
> SECTION 5: Subsection (b) of Section 2 of Act 1135 of 1997 is amended to read as follows:
>
> "(b) The provisions of this section shall expire on ~~December 31, 2001~~ <u>April 30, 2002</u>."
>
> SECTION 6. <u>The provisions of this act shall expire on April 30, 2002</u>."

. . .

SECTION 10.  All laws and parts of law in conflict with this act are hereby repealed.

Act 1337, which became effective on April 12, 1999, amended Ark. Code § 16-93-611 "to clarify its application."  Act 1337 provided in pertinent part as follows:

SECTION 1: Arkansas Code [§]16-93-611 is amended to read as follows:

"16-93-611.  Class Y felonies.

Notwithstanding any law allowing the award of meritorious good time or any other law to the contrary, any person who is found guilty of or who pleads guilty or nolo contendere to murder in the first degree, § 5-10-102, kidnapping, Class Y felonies, § 5-11-102, aggravated robbery, § 5-12-103, rape, § 5-14-103, and causing a catastrophe, § 5-38-202(a), shall not be eligible for parole or community punishment transfer until the person serves seventy percent (70%) of the term of imprisonment, including a sentence prescribed under § 5-4-501, to which the person is sentenced. <u>The seventy percent (70%) provision of this section [shall] have no application to any person who is found guilty of, or pleads guilty or nolo contendere to kidnapping, Class B felonies, regardless of the date of the offense, and furthermore, the provisions of this section shall apply retroactively to all persons presently serving a sentence for kidnapping, Class B felonies.</u>"

. . .

SECTION 4.  All laws and parts of law in conflict with this act are hereby repealed.

The Arkansas Code Revision Commission harmonized § 4 of Act 1268 and § 1 of Act 1337 into two separate versions of Ark. Code Ann. § 16-93-611(a) that appeared in the 1999 and 2001 Supplements to the Arkansas Code. The first version provided that it was effective until April 30, 2002, and contained the language from § 4 of Act 1268 subjecting persons convicted of manufacture of methamphetamine or possession

of drug paraphernalia with the intent to manufacture methamphetamine to the 70% rule. The first version also contained the language from § 1 of Act 1337 stating, *inter alia*, that "the seventy percent (70%) provision . . . [has] no application to any person who is found guilty of, or pleads guilty or nolo contendere to kidnapping . . . , regardless of the date of the offense . . . ." The first version provided in pertinent part as follows:

> **16-93-611. Class Y felonies. [Effective until April 30, 2002.]**
>
> (a)  Notwithstanding any law allowing the award of meritorious good time or any other law to the contrary, any person who is found guilty of or who pleads guilty or nolo contendere to murder in the first degree, § 5-10-102, kidnapping, Class Y felony, § 5-11-102, aggravated robbery, § 5-12-103, rape, § 5-14-103, causing a catastrophe, § 5-38-202(a), manufacture of methamphetamine, § 5-64-401(a)(1)(i), or possession of drug paraphernalia with the intent to manufacture methamphetamine, § 5-64-403(c)(5) shall not, except as provided in subsection (b) of this section,[5] be eligible for parole or community punishment transfer until the person serves seventy percent (70%) of the term of imprisonment, including a sentence prescribed under § 5-4-501, to which the person is sentenced. The seventy percent (70%) provision of subdivision (a)(1) of this section has no application to any person who is found guilty of, or pleads guilty or nolo contendere to kidnapping, Class B felony, § 5-11-102, regardless of the date of the offense, and, furthermore, the provisions of this section shall apply retroactively to all persons presently serving a sentence for kidnapping, Class B felony, § 5-11-102.

Ark. Code Ann. § 16-93-611(a) (Supp. 1999 and Supp. 2001).

The second version of § 16-93-611(a) provided that it was effective April 30, 2002. Unlike the first version, the second version did not include the offense of manufacture of methamphetamine or the offense of possession of drug paraphernalia

---

[5] Subsection (b) of both versions of Ark. Code Ann. § 16-93-611, which reflected changes made by Act 717 of 1999, gave the sentencing judge discretion to waive the 70% requirement if the defendant was a juvenile at the time of the offense, he was merely an accomplice to the offense, and the offense occurred on or after July 28, 1995. Ark. Code Ann. § 16-93-611(b) (Supp. 1999 and Supp. 2001).

with the intent to manufacture methamphetamine in listing the offenses to which the 70% rule was applicable.  The second version provided in pertinent part as follows:

> **16-93-611.  Class Y felonies. [Effective April 30, 2002.]**
>
> (a) Notwithstanding any law allowing the award of meritorious good time or any other law to the contrary, any person who is found guilty of or who pleads guilty or nolo contendere to murder in the first degree, § 5-10-102, kidnapping, Class Y felony, § 5-11-102, aggravated robbery, § 5-12-103, rape, § 5-14-103, causing a catastrophe, § 5-38-202(a), shall not, except as provided in subsection (b) of this section, be eligible for parole or community punishment transfer until the person serves seventy percent (70%) of the term of imprisonment, including a sentence prescribed under § 5-4-501, to which the person is sentenced. The seventy percent (70%) provision of subdivision (a)(1) of this section has no application to any person who is found guilty of, or pleads guilty or nolo contendere to kidnapping, Class B felony, § 5-11-102, regardless of the date of the offense, and, furthermore, the provisions of  this section shall apply retroactively to all persons presently serving a sentence for kidnapping, Class B felony, § 5-11-102.

Ark. Code Ann. § 16-93-611(a) (Supp. 1999 and Supp. 2001).

It is important to note that § 5 of Act 1268 amended subsection (b) of § 2 of Act 1135 of 1997 to extend the expiration date contained in subsection (b) until April 30, 2002, thereby extending the life of subsection (a) of § 2 of Act 1135, which made the 70% rule applicable to persons convicted of manufacturing methamphetamine. Section 5 of Act 1268 was codified in Ark. Code Ann. § 29-30-162 (1999). Section 6 of Act 1268, which provided that "[t]he provisions of this act shall expire on April 30, 2002," was codified in Ark. Code Ann. § 29-30-163 (1999).

In 2001, the Arkansas General Assembly enacted Act 1782, which became effective on August 13, 2001. Section 2 of Act 1782 repealed Ark. Code Ann. § 29-30-162 and the April 30, 2002, expiration date contained in subsection (b) of § 2 of Act

1135 of 1997, thereby extending the life of the 70% rule for persons convicted of manufacturing methamphetamine contained in subsection (a) of § 2 of Act 1135.[6] Section 3 of Act 1782 repealed Ark. Code Ann. § 29-30-163 and the April 30, 2002, expiration date contained in § 6 of Act 1268, thereby extending the life of the 70% rule for persons convicted of manufacture of methamphetamine or possession of drug paraphernalia with the intent to manufacture methamphetamine contained in § 4 of Act 1268.[7]

Although it is not pertinent to the Court's analysis of Petitioner's claim, it should be noted that in 2005 the Arkansas General Assembly passed Act 1034, which became effective on March 18, 2005. The act, which is codified in § 16-93-611, provides in pertinent part that persons convicted of manufacture of methamphetamine or possession of drug paraphernalia with the intent to manufacture methamphetamine are subject to the 70% rule, but allows such persons to accrue meritorious good time under Ark. Code Ann. § 12-29-201 to reduce the amount of time served if the offense was committed on or after August 12, 2005.  2005 Ark. Acts 1034, § 1; Ark. Code Ann. § 16-93-611(a)(1) & (a)(3)(A)(i) (Repl. 2006).  However, the time served by any person found guilty of either of these offenses cannot "be reduced to less than fifty percent (50%) of the person's original sentence." 2005 Ark. Acts 1034, § 1; Ark. Code Ann. § 16-93-

---

[6] Section 29-30-162 (Supp. 2001) and the Publisher's Notes to that section indicate that § 29-30-162 was repealed by Act 1782 and that § 29-30-162 was derived from § 5 of Act 1268 of 1999.

[7] Section 29-30-163 (Supp. 2001) and the Publisher's Notes to that section indicate that  § 29-30-163 was repealed by Act 1782 and that § 29-30-163 was derived from § 6 of Act 1268 of 1999.

611(a)(3)(B) (Repl. 2006).

Petitioner contends that his "ten-year sentence for manufacturing methamphetamine is an illegal sentence because he is being unlawfully required to serve 70% of the sentence prior to becoming eligible for parole pursuant to Ark. Code Ann. [§] 16-93-611, which did not include the offense of manufacturing methamphetamine at the time [the offense] was committed in violation of his rights to due process and equal protection under the Fifth and Fourteenth Amendments to the Constitution of the United States." In support of his claim, he asserts that "[u]nder Act 1337 of 1999, the law in effect at the time Petitioner's offense was committed [October 19, 2001], Petitioner is eligible for parole after serving ½ of his sentence less credit for good time." Habeas relief is available only on the ground that a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Noel v. Norris, 322 F.3d 500, 503 (8th Cir.), cert. denied, 539 U.S. 972 (2003); Otey v. Hopkins, 5 F.3d 1125, 1130 (8th Cir. 1993), cert. denied, 512 U.S. 1246 (1994). Where no laws or treaties of the United States are implicated, as in the case at bar, a petitioner must demonstrate a violation of the United States Constitution. See Hill v. Wyrick, 570 F.2d 748, 750 (8th Cir.), cert. denied, 436 U.S. 921 (1978). The Magistrate Judge finds that Petitioner's claim, which essentially is a challenge to state officials' calculation of his parole eligibility date based on their interpretation and application of the Arkansas laws governing parole eligibility, does not implicate the Constitution and therefore is not cognizable in a habeas corpus proceeding. See Ramdass v. Angelone, 187 F.3d 396, 407 (4th Cir. 1999 ) ("parole eligibility is a question of state law and

therefore is not cognizable on federal habeas review"), aff'd, 530 U.S. 156 (2000); Johnson v. Sowders, 1992 U.S. App. LEXIS 4256 at 1 (6th Cir. Feb. 13, 1992) (a claim by a state prisoner that he is being unlawfully confined because his parole eligibility date has been incorrectly calculated is a matter of state law and therefore is not cognizable in a federal habeas corpus proceeding); Byrd v. Dwyer, 2006 U.S. Dist. LEXIS 3798 at 1-2 (E.D. Mo. Feb. 1, 2006) (a claim by a state prisoner that a state department of corrections miscalculated his parole eligibility date in violation of his right to due process by incorrectly applying a state statute is not cognizable under § 2254); Quinteros v. Herndandez, 419 F. Supp. 2d 1209, 1214 (C.D. Cal. 2006) (a claim by a state prisoner that a state prison board improperly interpreted and applied state law to deny the prisoner a parole date is not cognizable in a federal habeas corpus proceeding); Johnson v. Tyszkiewicz, 2001 U.S. Dist. LEXIS 3024 at 8 (E.D. Mich. Feb. 28, 2001) (a challenge to a state parole board's decision regarding parole eligibility does not state a claim cognizable in federal habeas review); Henney v. Berghuis, 2006 U.S. Dist. LEXIS 19678 at 2 (W.D. Mich. April 14, 2006) (a claim by a state prisoner that a state parole board failed to follow state law in reaching its decision to deny him parole is not cognizable in a federal habeas corpus proceeding); Poole v. Wood, 45 F.3d 246, 249 (8th Cir.) ("the alleged wrongful interpretation of state criminal statutes cannot be decided in a federal habeas corpus action"), cert. denied, 515 U.S. 1134 (1995); Middleton v. Roper, 2006 U.S. App. LEXIS 16834 at 13-14 (8th Cir. July 6, 2006) (it is not the "province" of a federal court in deciding a federal habeas corpus petition to review the interpretation and application of state law); Glucksman v. Birns, 398 F.Supp. 1343, 1352 (S.D.N.Y. 1975) (matters relating to state sentencing and service

of a state sentence are governed by state law and, therefore, are not cognizable in a federal habeas corpus proceeding). See also Willeford v. Estelle, 538 F.2d 1194, 1196-97 (5th Cir. 1976) ("The length of the sentence of a convicted criminal under state law is, without more, not a matter of federal constitutional concern and hence not a matter cognizable under federal habeas corpus."); Dellinger v. Bowen, 301 F.3d 758, 764 (7th Cir. 2002) (an error in the interpretation of a state statute or the application of state sentencing rules presents a question of state law, not constitutional law, and "does not present a cognizable claim for federal habeas review"), cert. denied, 537 U.S. 1214 (2003).  While Petitioner alleges that his rights to due process and equal protection have been violated, a petitioner may not transform a state-law issue into a constitutional one by couching his claim in terms of equal protection and due process. See Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988); Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997).

The Magistrate Judge further finds that even if Petitioner's claim were cognizable in habeas, he would not be entitled to relief. The parole eligibility law in effect at the time a crime is committed governs parole eligibility. Woods v. Lockhart, 292 Ark. 37, 39-40, 727 S.W.2d 849, 850-51 (1987).  On October 19, 2001, the date that Petitioner committed the offense of manufacture of methamphetamine, Arkansas law required that a person convicted of that offense serve 70% of his sentence before becoming eligible for parole. 1999 Ark. Acts 1268, § 4; 2001 Ark. Acts 1782, § 3; Ark. Code Ann. § 16-93-611(a) (Supp. 1999 & Supp. 2001); Ark. Code Ann. § 29-30-163 (Supp. 2001). See Agent v. State of Arkansas, 2002 Ark. App. LEXIS 581 at 5 (Ark. Ct. App. Oct. 30, 2002) (finding that under "Ark. Code Ann. § 16-93-611 (Supp. 2001) (effective until April

30, 2002)," the defendant, who was convicted of possession of drug paraphernalia with the intent to manufacture methamphetamine based on conduct occurring in August of 1999, "does not become eligible for parole . . . until he has served 70% of his sentence"); McGhee v. State, 82 Ark. App. at 109, 112 S.W.3d at 369 (noting that § 16-93-611 was amended by Act 1268, effective April 9, 1999, "to add methamphetamine offenses, thus, making the manufacture of methamphetamine subject to the seventy-percent parole-eligibility rule"). Therefore, Petitioner's claim that his sentence is illegal because he is being unlawfully required to serve 70% of his sentence prior to becoming eligible for parole is without merit.

THEREFORE, the Magistrate Judge recommends that Petitioner's petition for writ of habeas corpus be dismissed with prejudice.

Dated this 6th day of September, 2006.

_____
UNITED STATES MAGISTRATE JUDGE